# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
## At Chattanooga

UNITED STATES OF AMERICA,

    Plaintiff,

v.

No. 1:10-cr-130
Judge Collier/Lee

ILMAR SANTIZO-SANCHEZ,

    Defendant.

## MOTION FOR NON-GUIDELINES SENTENCE

Defendant Ilmar Santizo-Sanchez, through undersigned counsel, respectfully submits to this Honorable Court the following information for its consideration when imposing sentence in this case.

Mr. Santizo is charged in this case with kidnaping, to which he pled guilty, and illegal re-entry into the United States. Originally, Mr. Santizo was born in Guatemala, growing up in the town where he was born. From his birth in 1967 until some time prior to his arrival in Sioux Falls, SD, in 1996, his understandings and beliefs were formed based upon the area in which he lived.

Guatemala is a male-dominated society.[1] Women are treated as objects which can be taken in this "machismo and patriarchal society." In fact, it took until as recently as April 2008 for the Guatemalan government to adopt a law to make violence against women illegal. But the government has put little behind the law in the way of enforcing it. This is the example under which Mr. Santizo was raised and lived.

---

[1] http://www.pbs.org/newshour/extra/features/world/jan-june11/VAW_Guatemala_02-22.html

While the conduct between Mr. Santizo and his victim is horrendous by the standards in the United States, it must be kept in mind that a person is influenced by their upbringing. Mr. Santizo received only four years of school. While this does not excuse the conduct, it gives an explanation as to how Mr. Santizo can say he kidnaped his victim because he loves her.

As an analogy, in U.S.S.G. § 2L1.2, Application Note 8, the guidelines discuss the availability of a departure based on cultural assimilation. While cultural, this case presents a situation where the defendant still manifests his cultural upbringing, much to the opposite of norms in the United States. When considering a departure for cultural assimilation, this Court would consider a departure, "in cases where (A) the defendant formed cultural ties primarily with the United States from having resided continuously in the United States from childhood, (B) those cultural ties provided the primary motivation for the defendant's illegal reentry or continued presence in the United States, and (C) such a departure is not likely to increase the risk to the public from further crimes of the defendant." U.S.S.G. § 2L1.2, app. n. 8. To determine the appropriateness of such a departure, a court would look at such things as the age in childhood at which the defendant began residing continuously in the United States, whether and for how long the defendant attended school in the United States, the duration of the defendant's continued residence in the United States, the duration of the defendant's presence outside the United States, the nature and extent of the defendant's familial and cultural ties inside the United States, and the nature and extent of such ties outside the United States and others. *Id*. These same things should be considered here in reference to Mr. Santizo's life in Guatemala.

In this case, Mr. Santizo's cultural upbringing taught him that women were no more than possessions and as distasteful as his conduct is in this country, his behavior was supported by his

culture. Mr. Santizo learned these attitudes from birth and for decades after. His scholastic education was brief, just four years in Guatemala. For these reasons, while Mr. Santizo knows now what he did was not acceptable, he was not fully aware of how it would be considered in the United States.

Since going through his case, Mr. Santizo has come to realize that taking the victim so they could be together was wrong. At the time, he thought he was proving his love for her. However, now he realizes that his actions hurt her, a fact he is very emotional and tearful about. He admits sexual contact with her and believed she willingly consented which is why he objects to an enhancement for sexual exploitation. With his current knowledge, he understands what he did was wrong and is very remorseful for his actions.

WHEREFORE, based upon the above information, Mr. Santizo respectfully requests this Honorable Court to consider a non-guidelines sentence that is lower than that in the Presentence Report.

>Respectfully submitted,
>
>FEDERAL DEFENDER SERVICES
> OF EASTERN TENNESSEE, INC.
>
>By: /s/ *Anthony Martinez*
>    Anthony Martinez
>Assistant Federal Defender
>707 Georgia Avenue, Suite 203
>Chattanooga, Tennessee 37402
>(423) 756-4349

Certificate of Service

I HEREBY CERTIFY that on March 16, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

   /s/ *Anthony Martinez*
Anthony Martinez
Assistant Federal Defender