**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

| Leonard Green<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |
|---|---|---|

Filed: April 03, 2012

Ms. Laura E. Davis
Federal Defender Services of Eastern Tennessee, Inc.
800 S. Gay Street
Suite 2400
Knoxville, TN 37929

Mr. Christopher D. Poole
U.S. Attorney's Office
1110 Market Street
Suite 301
Chattanooga, TN 37402

     Re: Case No. 11-5425, *USA v. Ilmar Santizo-Sanchez*
       Originating Case No. : 1:10-CR-130-1

Dear Sir or Madam,

 The Court issued the enclosed (Order/Opinion) today in this case.

         Sincerely yours,

         s/Cheryl Borkowski
         Case Manager
         Direct Dial No. 513-564-7035

cc: Ms. Debra Poplin

Enclosure

Mandate to issue

<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>

No. 11-5425

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Apr 03, 2012**
LEONARD GREEN, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff-Appellee, | ) |
| v. | ) ON APPEAL FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR |
| ILMAR SANTIZO-SANCHEZ, aka Luis | ) THE EASTERN DISTRICT OF |
| Pizarro-Quinones, | ) TENNESSEE |
| Defendant-Appellant. | ) |

<u>O R D E R</u>

Before: BATCHELDER, Chief Judge; McKEAGUE, Circuit Judge; FORESTER, District Judge.<sup>*</sup>

Ilmar Santizo-Sanchez, a federal prisoner proceeding through counsel, appeals his sentence for kidnaping. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

Santizo-Sanchez pleaded guilty, in December 2010, to kidnaping his estranged girlfriend, in violation of 18 U.S.C. § 1201(a)(1). The presentence report assigned Santizo-Sanchez a base offense level of thirty-two, a six-level enhancement for sexually exploiting the victim, and a three-level reduction for acceptance of responsibility, for a total offense level of thirty-five. His criminal history category was II. In combination, the total offense level and criminal history category produced a sentencing guidelines range of 188 to 235 months in prison. At the sentencing hearing, Santizo-Sanchez waived his initial objections to the presentence report, but moved for a sentence below the guidelines range.

---

<sup>*</sup>The Honorable Karl S. Forester, United States Senior District Judge for the Eastern District of Kentucky, sitting by designation.

In support of his motion for a nonguidelines sentence, Santizo-Sanchez relied primarily on the fact that he spent the first twenty-nine years of his life in Guatemala, a country he characterized as having a very "machismo and patriarchal" society. According to Santizo-Sanchez, his actions would not have been a crime in Guatemala, and he did not understand the gravity of his offense at the time he committed it. He explained that he loved the victim and that is why he kidnaped her. He asked the district court to consider the differences in his cultural background as a reason for leniency in his case. The government opposed the motion.

After listening to the parties' arguments, the district court denied Santizo-Sanchez's motion for a nonguidelines sentence, stating that the United States is comprised of "people from all over the world . . .[who] have to live by the law and rules . . . of the United States." The district court further stated that "[i]n this nation, since its inception, it has not been acceptable to pick up a woman, take her to another location and, through force and intimidation, to have sex with the woman." Thereafter, in imposing Santizo-Sanchez's sentence, the district court described the underlying kidnaping of the victim by force, transporting her across state lines, intimidating her into engaging in sexual activity, and threatening her relatives to be "particularly egregious." The district court also found that Santizo-Sanchez's statements during allocution were inconsistent with his previous sworn statements, and suggested both a lack of acceptance of responsibility for his conduct and a lack of remorse for the victim. The district court sentenced Santizo-Sanchez to 235 months of imprisonment, with five years of supervised release to follow.

On appeal, Santizo-Sanchez challenges the reasonableness of his sentence on both procedural and substantive grounds, arguing that the district court erred by denying his motion for a variance and in sentencing him at the top of the guidelines range.

We review sentences for reasonableness under an abuse of discretion standard. *United States v. Freeman*, 640 F.3d 180, 185 (6th Cir. 2011). To obtain relief, an appellant must show that his or her sentence was either procedurally or substantively unreasonable. *Rita v. United States*, 551 U.S. 338, 341 (2007).

We take a functional rather than a formalistic approach in our review of procedural reasonableness. *United States v. Gunter*, 620 F.3d 642, 646-47 (6th Cir. 2010). "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita*, 551 U.S. at 356. The Supreme Court has listed several ways that a district court can act in a procedurally unreasonable fashion, such as failing to calculate or improperly calculating the guidelines range, treating the guidelines as mandatory, selecting a sentence based on clearly erroneous facts, failing to consider the sentencing factors in 18 U.S.C. § 3553(a), or failing to adequately explain the chosen sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

In arguing against the procedural reasonableness of his sentence, Santizo-Sanchez asserts that his sentence was based on clearly erroneous facts, namely the district court's statement that "[i]n this nation, since its inception, it has not been acceptable to pick up a woman, take her to another location, and through force and intimidation, have sex with the woman." Santizo-Sanchez's argument is unpersuasive.

Even assuming that Santizo-Sanchez is correct that there are examples in American history that are contrary to the district court's statement, his own argument for leniency acknowledges that the district court's statement generally rings true. Indeed, the basis of Santizo-Sanchez's argument for a nonguidelines sentence is that he "is the product of a culture not in keeping with the view of the mainstream United States." More importantly, however, Santizo-Sanchez has not shown that his sentence was based on the district court's view of history. In fact, in sentencing him to 235 months of imprisonment, the district court took into account the factors listed in § 3553(a), including the circumstances of the underlying offense, the need for deterrence, and its finding that Santizo-Sanchez was not credible during allocution, had not accepted responsibility for his conduct, and was without remorse for the victim. Therefore, it does not appear that Santizo-Sanchez's sentence is unreasonable due to being based on a clearly erroneous factual finding.

Likewise, Santizo-Sanchez has not shown that his sentence is substantively unreasonable. A district court is charged with imposing a sentence that is "sufficient, but not greater than necessary"

No. 11-5425
- 4 -

to fulfill the purposes of sentencing in § 3553(a)(2). *Pepper v. United States*, 131 S. Ct. 1229, 1243 (2011). "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Presley*, 547 F.3d 625, 631 (6th Cir. 2008) (internal quotations omitted). A sentence that falls within the appropriate guidelines range is afforded a rebuttable presumption of reasonableness. *Rita*, 551 U.S. at 347.

Santizo-Sanchez argues that his high-end-of-the-guidelines sentence is substantively unreasonable because the facts the district court emphasized as egregious had already been accounted for in the guidelines range itself and, thus, did not support a high-end sentence. Again, Santizo-Sanchez's argument is unpersuasive.

It is not enough to show that the district court could have imposed a lower sentence. *United States v. Simmons*, 587 F.3d 348, 365-66 (6th Cir. 2009). Rather, to show that a guidelines sentence is substantively unreasonable, the defendant must demonstrate that the circumstances of his case compelled a lower sentence. *Id*. Santizo-Sanchez has not done so.

The sentencing transcript reveals that the district court based its high-end sentence on various grounds. In addition to the circumstances of the crime, which the district court found to be "particularly egregious," the district court explained that Santizo-Sanchez's failure to accept responsibility for his conduct during allocution suggested that the three-level downward adjustment in the presentence report for acceptance of responsibility was undeserved. Instead of taking that adjustment away, however, the district court "set [Santizo-Sanchez's] sentence at the high end of the guideline range." Under these circumstances, Santizo-Sanchez has not overcome the presumption that his guidelines sentence was reasonable.

Accordingly, we affirm the district court's judgment.

ENTERED BY ORDER OF THE COURT

Clerk