# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| *Petitioner*, | ) | Case No. 1:10-cr-130; 1:13-cv-125 |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | |
| ILMAR SANTIZO-SANCHEZ, | ) | |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner's motion for relief pursuant to 18 U.S.C. § 2255. (Doc. 30.) The government responded. (Doc. 33.) For the following reasons, the Court will **DENY** Petitioner's motion. (Doc. 30.)

### I. BACKGROUND

On June 21, 2010, the Defendant arrived at his estranged girlfriend's work, jumped out of the backseat of a car, grabbed the estranged girlfriend, and pulled her into the car with him. (PSR, at ¶ 5.) The victim tried to grab a co-worker's arms to free herself but Petitioner was able to overpower them both. (*Id*.) The driver drove them a few miles away to where Petitioner's truck was parked. (*Id*.) Petitioner told the victim he would take her home, but instead drove her to Mississippi. (*Id*.) On the way to Mississippi, Petitioner had sex with the victim in a hotel. (*Id*. at ¶ 6.) At the hotel, the victim consented to the sex but later told investigators that she did so only because she was in fear for her safety. (*Id*.) Petitioner had physically assaulted her with a belt when she refused sex eight days prior to the abduction and had repeatedly made threatening statements regarding her and her family. (*Id*. at ¶¶ 6, 10–11.) When the victim was

recovered, she was photographed with large bruises on her arm, shoulders and leg. (*Id*. at ¶ 13.) Petitioner was arrested, and the victim was returned to her home in Chattanooga. (*Id*. at ¶¶ 12–13.)

Petitioner pleaded guilty without the benefit of a plea agreement to count one of the indictment, kidnapping in interstate commerce in violation of 18 U.S.C. § 1201(a)(1). Under USSG § 2A4.1(a) he started with a base offense level of 32. (PSR, at ¶ 18.) The offense level was then increased by six points because the victim was sexually exploited during the offense. (*Id*. at ¶ 19.) This level was reduced by three points based on Petitioner's acceptance of responsibility for a total base offense level of 35. (*Id*. at ¶ 29.) His criminal history score was II. (*Id*. at ¶ 40.) Thus, his Guideline range was 188–235 months. (*Id*. at ¶ 59.)

At the sentencing hearing, Petitioner's counsel withdrew a previously filed objection to the six-point enhancement and moved for a below-Guidelines sentence. (Doc. 27, at 10.) The Court denied Petitioner's motion for a below-Guidelines sentence and sentenced Petitioner to 235 months. (*Id*. at 15.) Petitioner appealed his sentence on the ground that it was both substantively and procedurally unreasonable, but the Sixth Circuit Court of Appeals rejected his arguments. (Doc. 28.) Petitioner has now filed the instant motion pursuant to 28 U.S.C. § 2255.

## II. STANDARD OF REVIEW

A prisoner in federal custody may file a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. Relief under § 2255 is limited, however, to: (1) errors involving lack of jurisdiction; (2) constitutional violations; and (3) those non-constitutional errors that constitute "fundamental defect[s] which inherently result[] in a complete miscarriage of justice." *Reed v. Farley*, 512 U.S. 339, 348-49 (1994) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

**III. ANALYSIS**

Petitioner raises four grounds for relief. The first three sound in ineffective assistance of counsel. Petitioner argues (1) counsel was ineffective when he failed to object to a breach of the plea agreement; (2) counsel was ineffective when he did not file timely objections to the six-level enhancement for sexual exploitation; and (3) counsel was ineffective because he failed to seek a sentence at the bottom of the Guidelines range.

Ineffective assistance of counsel is a cognizable constitutional claim under § 2255. Under the two-pronged *Strickland* test, to demonstrate a violation of the Sixth Amendment right to effective assistance of counsel, "a defendant must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense." *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

The first prong requires the petitioner to show his attorney's performance was deficient by demonstrating that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Stated another way, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. The Supreme Court "has declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Huff*, 734 F.3d at 606 (alterations in original) (quoting *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)). A reviewing court must be "highly deferential" to counsel's performance, because

> [a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the

3

> evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound . . . strategy."

*Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Even if a petitioner is successful in overcoming that presumption, he must still satisfy the second prong of the *Strickland* test, prejudice. Thus, a petitioner must show not only that his counsel's representation was objectively unreasonable, but also that he was prejudiced by counsel's deficiency because there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *McPhearson v. United States*, 675 F.3d 553, 563 (6th Cir. 2012) (quoting *Strickland*, 466 U.S. at 694).

Petitioner first argues that his counsel was ineffective because he failed to inform the court of a plea agreement in which the government agreed it would recommend a sentence of twelve to sixty months. The record does not support his argument. There is no plea agreement in the record. In the colloquy at his rearraignment, he responded "No" to the question, "Has anyone promised or suggested that you'll receive a lighter sentence or any other form of leniency if you plead guilty?" (Doc. 26, at 7.) Also at his rearraignment, he acknowledged that the sentence he received might be different than any estimate given by his attorney and that the Court could depart upward or downward from any advisory Guidelines range. (*Id*. at 12-13.) Absent clear and convincing evidence to establish otherwise, a defendant is bound by representations made under oath during a plea colloquy. *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986). Petitioner has not provided evidence sufficient to undermine his statements here.

Petitioner next argues that counsel was ineffective in failing to file timely objections to the enhancement for sexual exploitation. However, Petitioner's counsel did object, but withdrew

4

the objection after it became clear that the enhancement applied. (Doc. 27, at 4.) At the sentencing hearing, counsel correctly acknowledged that having sex with a kidnapping victim where the victim states that she consented only because she was in fear for her safety qualifies for the sexual exploitation enhancement at USSG § 2A4.1(b)(5). As Application Note 3 explains, this enhancement includes conduct proscribed by 18 U.S.C. § 2241: "knowingly caus[ing] another person to engage in a sexual act . . . by threatening or placing that other person that any person will be subjected to death, serious bodily injury, or kidnaping." Here, the victim had previously been beaten by Petitioner. She stated to law enforcement that she had only consented out of fear. Accordingly, the enhancement was properly applied. Counsel is not ineffective for failing to persist in losing arguments. *See Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996) ("Failure to raise a losing argument, whether at trial or on appeal, does not constitute ineffective assistance of counsel.").

Petitioner also argues that his counsel was ineffective for failing to argue for a bottom-of-the-Guidelines sentence. But, this argument is also belied by the record. Petitioner's counsel in fact argued for a below-Guidelines sentence. (Doc. 27, at 6–7.) The Court considered and rejected that argument on its merits. (*Id*. at 8–10.)

Finally, Petitioner argues that he should have been eligible for a four-level fast track downward departure based on his timely guilty plea and acceptance of responsibility. Petitioner could have litigated this issue on direct appeal but did not do so. (*See generally* Doc. 28.) Petitioner may not use his 2255 Petition as an additional direct appeal. *See Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). "[N]onconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings." *Stone v. Powell*, 428 U.S. 465, 478 n.10 (1976). Here, Petitioner is asserting a non-constitutional claim that could have

5

been raised on direct appeal but was not; accordingly, this claim is procedurally defaulted and does not warrant relief.

## IV. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether to grant a certificate of appealability. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As a general rule, the Sixth Circuit disapproves of blanket denials of certificates of appealability. *See Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Instead, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standard set forth by *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.* Under *Slack*, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a certificate. 529 U.S. at 484. After reviewing each of Petitioner's claims in detail, the Court finds that reasonable jurists could not conclude that Petitioner's claims deserve further review. Therefore, because Petitioner has failed to demonstrate a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.

## V. CONCLUSION

Because Petitioner has not established any errors entitling Petitioner to relief, the Court will **DENY** the motion. A certificate of appealability will not issue.

**A separate judgment will enter.**

SO ORDERED.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

6