# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: August 08, 2017

Mr. Ilmar Santizo-Sanchez
F.C.I. Yazoo City - Medium
P.O. Box 5888
Yazoo City, MS 39194

        Re: Case No. 16-6552, *Ilmar Santizo-Sanchez v. USA*
            Originating Case No. : 1:13-cv-00125 : 1:10-cr-00130-1

Dear Mr. Santizo-Sanchez:

  The Court issued the enclosed Order today in this case.

                          Sincerely yours,

                          s/Karen S. Fultz for Robin Baker
                          Case Manager
                          Direct Dial No. 513-564-7027

cc: Mr. Christopher D. Poole
    Ms. Debra Poplin

Enclosure

No mandate to issue

16-6552

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ILMAR SANTIZO-SANCHEZ, | ) | |
| | ) | **FILED** |
| Petitioner-Appellant, | ) | Aug 08, 2017 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |

Ilmar Santizo-Sanchez, a federal prisoner proceeding pro se, appeals a district court judgment denying his motion to vacate, set aside, or correct sentence, brought pursuant to 28 U.S.C. § 2255. This court construes Santizo-Sanchez's notice of appeal as an application for a certificate of appealability (COA). *See* Fed. R. App. P. 22(b). He also moves for leave to proceed in forma pauperis (IFP) on appeal.

In December 2010, Santizo-Sanchez pleaded guilty to kidnaping his estranged girlfriend, in violation of 18 U.S.C. § 1201(a)(1). The district court sentenced him to 235 months of imprisonment, with five years of supervised release to follow. This court affirmed his conviction and sentence on appeal. *United States v. Santizo-Sanchez*, No. 11-5425 (6th Cir. Apr. 3, 2012) (order).

In April 2013, Santizo-Sanchez filed a § 2255 motion and supporting memorandum in the district court, asserting that (1) counsel provided ineffective assistance at sentencing by failing to (a) object when the prosecutor breached an alleged plea agreement to recommend a sentence between twelve and sixty months' imprisonment, (b) file timely objections to a six-level sentencing enhancement for sexual exploitation, and (c) request a sentence at the bottom of the Sentencing Guidelines range; and (2) he is entitled to a four-level downward departure under

USSG § 5K3.1 based on the fast-track program enacted in the district courts on March 1, 2012. The district court denied Santizo-Sanchez's ineffective-assistance-of-counsel claims on the merits and denied his fast-track claim as procedurally defaulted. The district court also denied Santizo-Sanchez a COA.

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

I. *Ineffective Assistance of Counsel*

Santizo-Sanchez's sub-claim that counsel should have objected when the prosecutor breached an alleged plea agreement is addressed first. Courts review ineffective-assistance-of-counsel claims under the two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984). This requires a defendant to show (1) that counsel's performance was deficient, and (2) that the deficiency prejudiced the defense. *Id*. at 687. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). The test for prejudice is whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. When addressing an ineffective-assistance-of-counsel claim in the context of a guilty plea, the prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

Santizo-Sanchez has not shown that the alleged plea agreement ever existed. Indeed, at the beginning of his plea colloquy, counsel for Santizo-Sanchez informed the court that "[n]o plea agreement was filed." Further, when Santizo-Sanchez was asked by the court whether

"anyone promised or suggested that [he would] receive a lighter sentence or any other form of leniency if [he pleaded] guilty," Santizo-Sanchez stated "no." Moreover, Santizo-Sanchez stated that he understood the maximum penalties that he faced if his plea was accepted. Where, as here, the magistrate judge scrupulously followed the procedures under Rule 11 of the Federal Rules of Criminal Procedure for taking the guilty plea, Santizo-Sanchez is bound by his statements at the plea colloquy. *See Baker v. United* States, 781 F.2d 85, 90 (6th Cir. 1986). This sub-claim does not warrant a COA.

Santizo-Sanchez's assertion that counsel failed to file timely objections to a six-level sentencing enhancement for sexual exploitation is addressed next. The record shows that counsel did raise an objection to the six-level sexual-exploitation enhancement, but withdrew it after concluding that the objection lacked merit. Other than a conclusory claim that counsel should have called unspecified witnesses at his sentencing hearing to testify that he did not sexually exploit the victim, Santizo-Sanchez does not challenge counsel's decision to withdraw the objection. Conclusory claims that counsel failed to call witnesses are insufficient to establish *Strickland* prejudice. *See Clark v. Waller*, 490 F.3d 551, 557 (6th Cir. 2007). This sub-claim does not warrant a COA.

In his final ineffective-assistance-of-counsel sub-claim, Santizo-Sanchez faults counsel for not requesting a sentence at the bottom of the guidelines. Counsel argued for a below-guidelines sentence, but the district court rejected the argument, noting, among other things, the "particularly egregious" circumstances of the crime. *See Santizo-Sanchez*, No. 11-5425, p. 4. Having unsuccessfully sought a below-guidelines sentence, Santizo-Sanchez has not established that counsel was ineffective in not seeking a bottom-of-the-guidelines sentence. This sub-claim does not warrant a COA.

    II.    *Fast-Track Program*

Santizo-Sanchez argues that he is entitled to a four-level downward departure under § 5K3.1 based on the fast-track program enacted in the district courts on March 1, 2012, pursuant to a directive issued by the United States Attorney General. The district court found that

Santizo-Sanchez could have, but did not, raise this argument on direct appeal and, thus, was precluded from raising it for the first time under § 2255. The district court, however, did not expressly consider whether Santizo-Sanchez could show cause and prejudice to overcome the default of this claim. *See United States v. Frady*, 456 U.S. 152, 164-65 (1982). Nevertheless, because this claim fails on the merits, reasonable jurists could not debate whether this claim warrants habeas corpus relief.

To obtain relief under § 2255 on the basis of non-constitutional error, the record must reflect a fundamental defect in the proceeding that "inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *Reed v. Farley*, 512 U.S. 339, 348 (1994) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). Because Santizo-Sanchez argues only that he was eligible for a fast-track departure from the Sentencing Guidelines and not that such a departure was required in his case, he has failed to show that his not receiving a fast-track departure resulted in a fundamental defect in his proceeding or a complete miscarriage of justice. *See United States v. Cordova*, 373 F. App'x 549, 551 (6th Cir. 2010). Moreover, to the extent that Santizo-Sanchez is arguing for a sentence reduction based on the fast-track program, he may not seek a sentence reduction under § 2255 because such relief is more properly sought under 18 U.S.C. § 3582(c)(2).

Accordingly, Santizo-Sanchez's application for a COA is **DENIED**; his motion to proceed IFP on appeal is **DENIED** as moot.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk