# UNITED STATES DISTRICT COURT
## FOR THE
Eastern DISTRICT OF Tennessee

UNITED STATES OF AMERICA

v.

Ilmar Santizo-Sanchez
Write your full name here.

Case No. 1:10-CR-130-001
(write the number of your criminal case)

**MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)**
**(Compassionate Release)**
(*Pro Se* Prisoner)

---

### NOTICE

The public can access electronic court files. Federal Rule of Criminal Procedure 49.1 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

---

Does this motion include a request that any documents attached to this motion be filed under seal? (Documents filed under seal are not available to the public.)

☐ Yes

☒ No

If you answered yes, please list the documents in section IV of this form.

I. SENTENCE INFORMATION

Date of sentencing: March 31, 2011

Term of imprisonment imposed: 235 months

Approximate time served to date: 10 years

Projected release date: March 9, 2027

Length of Term of Supervised Release: 5 years

Have you filed an appeal in your case?

☐ Yes

☒ No

Are you subject to an order of deportation or an ICE detainer?

☒ Yes

☐ No

II. EXHAUSTION OF ADMINISTRATIVE REMEDIES[1]

18 U.S.C. § 3582(c)(1)(A) allows you to file this motion (1) after you have fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on your behalf, or (2) 30 days after the warden of your facility received your request that the warden make a motion on your behalf, whichever is earlier.

Please include copies of any written correspondence to and from the Bureau of Prisons related to your motion, including your written request to the Warden and records of any denial from the Bureau of Prisons.

---

[1] The requirements for this compassionate release motion being filed with the court differ from the requirements that you would use to submit a compassionate release request to the Bureau of Prisons. This form should only be used for a compassionate release motion made to the court. If you are submitting a compassionate release request to the Bureau of Prisons, please review and follow the Bureau of Prisons program statement.

Have you personally submitted your request for compassionate release to the Warden of the institution where you are incarcerated?

☒ Yes, I submitted a request for compassionate release to the warden on _____.

☐ No, I did not submit a request for compassionate release to the warden.

If no, explain why not:

_____N/a_____

_____

Was your request denied by the Warden?

☐ Yes, my request was denied by the warden on (date): _____.

☒ No. I did not receive a response yet.

### III. GROUNDS FOR RELEASE

Please use the checkboxes below to state the grounds for your request for compassionate release. Please select all grounds that apply to you. You may attach additional sheets if necessary to further describe the reasons supporting your motion. You may also attach any relevant exhibits. Exhibits may include medical records if your request is based on a medical condition, or a statement from a family member or sponsor.

**A. Are you 70 years old or older?**

☐ Yes.

☒ No.

If you answered no, go to Section B below. You do not need to fill out Section A.

If you answered yes, you may be eligible for release under 18 U.S.C. § 3582(c)(1)(A)(ii) if you meet two additional criteria. Please answer the following questions so the Court can determine if you are eligible for release under this section of the statute.

Have you served 30 years or more of imprisonment pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which you are imprisoned?

- ☐ Yes.
- ☐ No.

Has the Director of the Bureau of Prisons determined that you are not a danger to the safety of any other person or the community?

- ☐ Yes.
- ☐ No.

**B. Do you believe there are other extraordinary and compelling reasons for your release?**

- ☒ Yes.
- ☐ No.

If you answered "Yes," please check all boxes that apply so the Court can determine whether you are eligible for release under 18 U.S.C. § 3582(c)(1)(A)(i).

- ☐ I have been diagnosed with a terminal illness.

- ☐ I have a serious physical or medical condition; a serious functional or cognitive impairment; or deteriorating physical or mental health because of the aging process that substantially diminishes my ability to provide self-care within the environment of a correctional facility, and I am not expected to recover from this condition.

- ☐ I am 65 years old or older and I am experiencing a serious deterioration in physical or mental health because of the aging process.

- ☐ The caregiver of my minor child or children has died or become incapacitated and I am the only available caregiver for my child or children.

- ☐ My spouse or registered partner has become incapacitated and I am the only available caregiver for my spouse or registered partner.

- ☒ There are other extraordinary and compelling reasons for my release.

Please explain below the basis for your request. If there is additional information regarding any of these issues that you would like the Court to consider but which is confidential, you may include that information on a separate page, attach the page to this motion, and, in section IV below, request that that attachment be sealed.

Petitioner posits that his inevitable deportation is an "extraordinary and compelling" reason to warrant a speedier release from incarceration herein the United States giving the fact of his age, over %50 of the active term of imprisonment served, his commendable behavior in prison and fact that there is no public safety factor attached to his potential early release, as he will not reside in the United States because of the deportation proceeding underlying his release. Also, the Petitioner would like to bring to the Court's attention that the United States Sentencing Commission (Continue on Attachment)

## IV. ATTACHMENTS AND REQUEST TO SEAL

Please list any documents you are attaching to this motion. A proposed release plan is included as an attachment. You are encouraged but not required to complete the proposed release plan. A cover page for the submission of medical records and additional medical information is also included as an attachment to this motion. Again, you are not required to provide medical records and additional medical information. For each document you are attaching to this motion, state whether you request that it be filed under seal because it includes confidential information.

| Document | Attached? | | Request to seal? | |
|---|---|---|---|---|
| Proposed Release Plan | ☐ Yes | ☒ No | ☐ Yes | ☐ No |
| Additional medical information | ☐ Yes | ☒ No | ☐ Yes | ☐ No |
| _____ | ☐ Yes | | ☐ Yes | ☐ No |
| _____ | ☐ Yes | | ☐ Yes | ☐ No |

has not updated U.S.S.G. § 1B1.13, cmt. n.1(A)-(D) to comport with 18 U.S.C. § 3582(c)(1)(A)(i) after the First Step Act's amend to the statute (i.e., § 3582) in 2018. This has left district courts in a conundrum. Many courts have concluded this means the Commission lacks an applicable policy statement regarding when a court can grant compassionate release. See, e.g., United States v. Haynes, No. 93 CR 1043 (RJD), 2020 WL 1941478, at *14 (E.D.N.Y. Apr. 22, 2020) (citing thirteen such cases); United States v. Brown, No. 4:05-CR-00227-1, 2020 WL 2091802, at *6 (S.D. Iowa Apr. 29, 2020) (Same); thus, in the absence of an applicable policy statement, these courts conclude that the district court can consider anything when assessing a defendant's motion under § 3582(c)(1)(A)(i). This now "appears to be the majority position." United States v. Scott, No. 17-CR-156, 2020 WL 2508894, at *8 (E.D. Wis. May 15, 2020).

Other reasons this Court can consider when making a determination under § 3582(c)(1)(A)(i). Petitioner posits that his substantial rehabilitation during his ten years in prison constitutes a second extraordinary and compelling reason. The Petitioner is no longer the same person whom this Court incarcerated a decade ago. Petitioner has not incurred a single disciplinary infraction since he's been in prison, no small feat in a closely monitored federal prison. The Petitioner has consistently programmed.

# Attachment

Thus, several courts have found a defendant's rehabilitation efforts to be part of extraordinary and compelling reasons favoring release. See, e.g., Brown, 2020 WL 2091802, at *7; Wade, 2020 WL 1864906, at *5; United States v. Chan, No. 96-CR-00094-JSW-13, 2020 WL 1527895, at *6 (N.D. Cal. Mar. 31, 2020); United States v. Perez, No. 88-10094-1-JTM, 2020 WL 1180719, at *3 (D. Kan. Mar. 11, 2020).

Petitioner posits that his undue and potential exposure to COVID-19 in the prison setting constitutes an extraordinary and compelling reason for release still grows by the day. See, e.g., United States v. Nazzal, No. 10-20392, 2020 WL 3077948, at *4 (E.D. Mich. June 10, 2020); and see also United States v. Galloway, No. RDB-10-0775, 2020 WL 2571172 (E.D. Mich. May 21, 2020).

In fact, the Petitioner's prison of confinement has had several employees and scores of prisoners test positive for COVID-19. See COVID-19 Cases, Fed. Bureau Prisons (July 13, 2020), https://www.bop.gov/coronavirus. It's undeniable that an imprisoned person is more likely to contract COVID-19 than a free one. Thus, the presence of a once-in-a-hundred-years pandemic in and around Petitioner's facility cuts in favor of his release.

## V. REQUEST FOR APPOINTMENT OF COUNSEL

I do not have an attorney and I request an attorney be appointed to help me.

☒ Yes

☐ No

## VI. MOVANT'S DECLARATION AND SIGNATURE

For the reasons stated in this motion, I move the court for a reduction in sentence (compassionate release) under 18 U.S.C. § 3582(c)(1)(A). I declare under penalty of perjury that the facts stated in this motion are true and correct.

__October 9, 2020__
Date

__Ilmar Santizo Sanchez__
Signature

__Ilmar Santizo-Sanchez__
Name

__40343-074__
Bureau of Prisons Register #

__F.C.I., Yazoo__
Bureau of Prisons Facility

__P.O. 5000, Yazoo, MS 39194__
Institution's Address

# DECLARATION OF TRUTH

I <u>Ilmar Santizo Sanchez</u> declare under the penalty of perjury, pursuant to 28 U.S.C. § 1746, that the facts herein below based on my personal knowledge, experience and understanding represents the truth, as follows:

1.) On September 3, 2020, I submitted an inmate request to staff form ("cop-out") to the Warden, Mr. W. Vereen, of my institution of confinement, through the institution's internal mail system procedure;

2.) As of date, of the filing of the attached motion, I have yet to receive a response to the said cop-out, which outlined my grounds for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i);

3.) Therefore, I have now exhuasted my administrative remedy process per § 3582(c)(1)(A)(i), as more than 30 days have elasped without a response from the Warden.

Further Declarant sayth not.

Date: <u>October 9</u>, 2020

/s/ Ilmar Santizo Sanchez
Ilmar Santizo-Sanchez
Declarant
Reg.# 40343-074
F.C.I., Yazoo
P.O. Box 5000
Yazoo City, MS 39194

Federal Correctional Institution, Yazoo
P.O. BOX 5000
Yazoo City, MS 39194

LEgal
Mail

X-RAYED

United States District Court
For The Eastern District of Tennessee
Chatanooga Division
Office of the Clerk
900 Georgia Ave., Room 309
Chattanooga, TN 37402

