# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:10-cr-130 |
| v. ) | |
| ) | Judge Travis R. McDonough |
| ILMAR SANTIZO-SANCHEZ ) | |
| ) | Magistrate Judge Susan K. Lee |
| ) | |

## ORDER

Before the Court is Defendant's motion for compassionate release brought pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 45.) In his motion, Defendant asserts that compassionate release is appropriate based on concerns about the potential spread of COVID-19 in the federal prison population. (*Id.*)

A sentencing court may "modify a term of imprisonment once it has been imposed," after considering the applicable factors set forth in 18 U.S.C. § 3553(a), if "extraordinary and compelling reasons warrant such a reduction" and the defendant does not represent a danger to the safety of any other person or the community. 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Kincaid*, Case No. 19-6271 (6th Cir. Apr. 23, 2020). However, before seeking a sentence reduction from the court, the defendant must exhaust administrative remedies by fully exhausting "all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Alam*, --- F.3d ----, 2020 WL 2845694, at *1 (6th Cir. June 2, 2020) (holding that "this exhaustion requirement . . . is mandatory (there is no exception)").

In this case, Defendant's motion fails to demonstrate that he is entitled to relief under 18 U.S.C. § 3582(c)(1)(A). Even though Defendant has met the exhaustion requirements, there are not extraordinary and compelling reasons meriting a sentence reduction. Defendant has not identified any medical condition that makes him particularly vulnerable to complications from COVID-19. Additionally, Bureau of Prisons reports that Defendant's correctional facility currently has zero cases of confirmed COVID-19 infections among inmates and six confirmed cases among staff.[1] Finally, the § 3553(a) factors do not support a sentence reduction. Defendant was sentenced to 235 months' imprisonment for kidnapping, and his presentence report indicates that he has prior assault convictions. Under these circumstances, the nature and circumstance of the offense, the history and characteristics of the defendant, and the need for the sentence promote respect for the law all militate against granting a sentence reduction in this case. Accordingly, Defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 45) is **DENIED**.

/s/*Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

[1] https://www.bop.gov/coronavirus/ (last accessed on October 20, 2020).